UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GRADY O. MULLINS, | ) |
| Petitioner, | ) 3:08-cv-00562-LRH-VPC |
| vs. | ) ORDER |
| WILLIAM DONAT, *et al.*, | ) |
| Respondents. | ) |

This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Grady O. Mullins, a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition and petitioner's renewed motion for the appointment of counsel. (Docket #16 and #22).

**I.   Procedural History**

On June 20, 2001, an indictment was filed charging petitioner with 28 counts, as follows: first degree kidnapping (4 counts), attempted sexual assault (7 counts), battery with intent to commit a crime (6 counts), coercion (4 counts), indecent exposure (5 counts), burglary (1 count), and open or gross lewdness. (Exhibit A).[1] On February 15, 2002, as a result of plea negotiations, the State filed an amended indictment charging petitioner with 8 counts, as follows: attempted sexual assault (2 counts), battery with intent to commit a crime (2 counts), coercion (2 counts), indecent exposure, and open or gross lewdness. (Exhibit B). On February 15, 2002, petitioner pled guilty to the eight

---

[1] The exhibits referenced in this order are found in the Court's record at Docket #17.

1  counts in the amended indictment.  (Exhibit C).  Petitioner was sentenced on May 1, 2002.  (Exhibit
2  D).  Petitioner was sentenced to prison terms as follows:
3      Count I: 96-240 months, with a minimum parole eligibility of 96 months
4      Count II: 96-240 months, with a minimum parole eligibility of 96 months
5      Count III: maximum of 180 months, with a minimum parole eligibility of 72 months
6      Count IV: maximum of 180 months, with a minimum parole eligibility of 72 months
7      Count V: maximum of 45 months, with a minimum parole eligibility of 18 months
8      Count VI: maximum of 45 months, with a minimum parole eligibility of 18 months
9      Count VII: one year in the Clark County Detention Center
10 (Exhibits D and F).  All counts were to run consecutive to each other, except Count VII was to run
11 concurrently with the other counts.  (Exhibit F).  Petitioner filed his notice of appeal on May 8, 2002.
12 (Exhibit E).  The judgment of conviction was filed on May 22, 2002.  (Exhibit F).  On December 10,
13 2002, the Nevada Supreme Court entered its order affirming the judgment of conviction.  (Exhibit I).
14 Remittitur issued on January 7, 2003.  (Exhibit J).
15     Petitioner filed a habeas petition in state district court on January 13, 2004.  (Exhibit K).  On
16 March 22, 2004, the state district court dismissed the petition as untimely under NRS 34.726(1).
17 (Exhibit M).  Petitioner appealed from the dismissal of his state habeas petition by filing a notice of
18 appeal on April 8, 2004.  (Exhibit N).  On September 28, 2004, the Nevada Supreme Court affirmed
19 the district court's dismissal of the habeas petition.  (Exhibit P).  Remittitur issued on October 26,
20 2004.  (Exhibit Q).
21     Three years later, on November 13, 2007, petitioner filed a "motion to withdraw guilty plea
22 to correct manifest injustice" in the state district court.  (Exhibit R).  On December 12, 2007, the
23 state district court denied the motion.  (Exhibit T).  On January 2, 2008, petitioner filed a notice of
24 appeal.  (Exhibit U).  On September 25, 2008, the Nevada Supreme Court affirmed the district
25 court's denial of the motion.  (Exhibit V).  Remittitur issued on October 21, 2008.  (Exhibit W).  On
26
27

October 13, 2008, petitioner dispatched his federal habeas petition to this Court. (Docket #1).

**II.     Discussion**

      **A.  Petitioner's Renewed Motion for Appointment of Counsel (Docket #22)**

At the time petitioner submitted his habeas petition in the instant action, he simultaneously submitted a motion for the appointment of counsel. (Docket #1-3). By order filed October 29, 2008, this Court denied the motion for appointment of counsel, ruling that the petition was well-written and sufficiently clear in presenting the issues that petitioner asserts. (Docket #3). Following respondents' filing of the motion to dismiss, petitioner filed both a response to the motion and a renewed motion for the appointment of counsel. (Docket #21 and #22).

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

In the instant case, this Court has previously determined that the appointment of counsel is not warranted. The documents filed by petitioner in this action, including the response to the pending motion to dismiss, are sufficiently clear in presenting the arguments and issues that petitioner wishes to bring. Nothing has changed in this action to alter the Court's prior ruling that counsel is not justified in this case. Petitioner's renewed motion for the appointment of counsel is denied.

///
///
///

**B. Respondents' Motion to Dismiss the Petition (Docket #16)**

Respondents argue that the petition is barred by the AEDPA one-year statute of limitations.[2]

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The United States Supreme Court has held that a habeas petitioner's state post-conviction petition, which was rejected by the state court as untimely under the statute of limitations, is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations

---

[2] As the AEDPA statute of limitations determines the outcome in this action, the Court does not reach respondents' alternative arguments for dismissal.

period. *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005).  The Court in *Pace v. DiGuglielmo* held as follows:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

In the present case, petitioner's judgment of conviction was entered on May 22, 2002. (Exhibit F).  Petitioner appealed his conviction by filing a timely notice of appeal on May 8, 2002. (Exhibit E).  On December 10, 2002, the Nevada Supreme Court affirmed the conviction.  (Exhibit I).  Remittitur issued on January 7, 2003.  (Exhibit J).  Petitioner had ninety days from the entry of the Nevada Supreme Court's order of affirmance, until March 10, 2003, to seek *certiorari* with the United States Supreme Court.  *Bowen v. Roe*, 188 F.3d 1157, 1158-60 (9th Cir. 1999).  Petitioner's conviction became final on March 10, 2003.  The AEDPA one-year statute of limitations began to run on March 10, 2003.  Petitioner had until March 10, 2004, to file his federal habeas petition, unless the time was otherwise tolled by statute.

On January 13, 2004, petitioner filed a state habeas petition in state district court.  (Exhibit K).  NRS 34.726(1) provides that: "Unless there is good cause shown for delay, a petition that challenges the validity of a judgment or sentence must be filed within 1 year after entry of the judgment or conviction or, if an appeal has been taken from the judgment, within 1 year after the supreme court issues its remittitur."  The state district court denied the habeas petition on March 22, 2004, ruling that the petition was filed more than one year after issuance of the Nevada Supreme Court's remittitur, and was therefore untimely pursuant to NRS 34.726(1).  (Exhibit M).  The state district court further found that there was no good cause to overcome the procedural bar of untimeliness.  (Exhibit M, at p. 3).  Petitioner appealed the denial of his state habeas petition. (Exhibit N).  On September 28, 2004, the Nevada Supreme Court affirmed the state district court,

1  ruling that the petition was untimely pursuant to NRS 34.726, as the habeas petition was filed six
2  days beyond the one year statutory time period. (Exhibit P, at p. 2). The Nevada Supreme Court
3  similarly ruled that petitioner did not attempt to demonstrate good cause to excuse the procedural
4  default. (*Id.*). Remittitur issued on October 26, 2004. (Exhibit Q).

5        A habeas petitioner's state post-conviction petition, which was rejected by the state court as
6  untimely under the state statute of limitations, is not "properly filed," within the meaning of the
7  statutory tolling provision of the AEDPA limitations period. *Pace v. DiGuglielmo,* 544 U.S. 408,
8  412-16 (2005). Because the Nevada Supreme Court held that petitioner's state habeas petition was
9  untimely pursuant to NRS 34.726, the state petition was not a "properly filed application" that would
10 toll the statute of limitations under 28 U.S.C. § 2244(d)(2). Thus, the time period from January 13,
11 2004, to October 26, 2004, while petitioner's habeas petition was pending in state court, is not tolled
12 under 28 U.S.C. § 2244(d)(2). Petitioner's one-year AEDPA deadline to file a federal habeas
13 petition was March 10, 2004, but he did not mail his petition until October 13, 2008.[3] The federal
14 petition is untimely by several years under the one-year AEDPA statute of limitations.

15       Where a petition is untimely, the court may only consider it if petitioner can demonstrate that
16 extraordinary circumstances beyond his control made it impossible to file the petition on time. *See*
17 *Beeler*, 128 F.3d at 1288. Generally, a litigant seeking equitable tolling bears the burden of
18 establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some
19 extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In
20 the instant case, petitioner has not argued for or demonstrated that he is entitled to equitable tolling.

21       As the petition is untimely under the AEDPA statute of limitations, and petitioner is not
22 entitled to equitable tolling, this action must be dismissed pursuant to 28 U.S.C. § 2244(d).
23 ///
24 ///

---

26    [3] Pursuant to the "mailbox rule," federal courts deem the filing date of a document in a federal action as the date that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270
27 (1988).

6

### III. Certificate of Appealability

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a).

Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

In the present case, petitioner's habeas petition is being dismissed because it was untimely filed. The Court did not reach the merits of any of petitioner's constitutional claims because those claims are barred by the AEDPA statute of limitations. Petitioner's habeas petition was untimely filed and petitioner has failed to demonstrate good cause for equitable tolling. No reasonable jurist could conclude that this Court's procedural ruling was in error. Petitioner is not entitled to proceed further, and is not entitled to a certificate of appealability.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that petitioner's renewed motion for counsel (Docket #22) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (Docket #16) the petition for a writ of habeas corpus is **GRANTED** and the petition is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED this 9th day of December, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE